UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **DAVID A. BREADY,** | * | |
| **Plaintiff** | * | |
| v | * | **Civil Action No. GJH-20-1021** |
| **WEXFORD HEALTH SOURCES,** *et al.*, | * | |
| **Defendants** | * | |
| | *** | |

## <u>MEMORANDUM OPINION</u>

Defendants Wexford Health Sources, Inc., Daniel Conn, Leslie Walker, Rebecca Barnhart, RN, Jonathan Thompson, M.D., Yvette Ledjo, P.A., Cherie Henry, RN, Nicole Peck, RN, Amber Bricker, RN, Erwin Aldana, M.D., Contah Nimely, M.D., Heidi Miller, RN, Lum Maximuangu, M.D., and Dolph Druckman, M.D., filed a Motion to Dismiss or in the alternative for Summary Judgment in response to Plaintiff David A. Bready's civil rights complaint asserting an Eighth Amendment claim.[1]  ECF No. 18.  Plaintiff opposes the motion but offers no argument against Defendants' motion. ECF No. 24.  In addition, Plaintiff filed Motions to Appoint Counsel (ECF Nos. 14 and 15), for Reconsideration of his prior requests for appointment of counsel (ECF No. 20), and for Leave of Court to file a Surreply (ECF No. 30).  No hearing is required to address the matters pending.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons that follow Defendants' motion, construed as a Motion to Dismiss shall be granted and Plaintiff's motions shall be denied.

---

[1]      Plaintiff names a total of 18 Defendants.  Although the pending dispositive motion is filed on behalf of Wexford Health Sources, Inc., Daniel Conn, Leslie Walker, Rebecca Barnhart, RN, Jonathan Thompson, M.D., Yvette Ledjo, P.A., Cherie Henry, RN, Nicole Peck, RN, Amber Bricker, RN, Erwin Aldana, M.D., Contah Nimely, M.D., Heidi Miller, RN, Lum Maximuangu, M.D., and Dolph Druckman, M.D., the docket only reflects that counsel is entered on behalf of Wexford Health Sources.  The Clerk will be directed to correct this error.  The unserved Defendants are Dr. Agrawal, Dr. Gretchen, Melody Jaques, and Donni Obitts.  The complaint as to the unserved Defendants shall be dismissed pursuant to 28 U.S.C. § 1915(e) as no allegations are made against these parties and the complaint fails to state a claim against them.

## I.      Background

### A.      Plaintiff's Allegations

At all times relevant to his complaint, Plaintiff was incarcerated at Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland.   He alleges that on March 31, 2017, he reported to the MCTC medical department with a hernia "the size of the end of a thumb" and one-year later it had grown to "the size of a grapefruit."  ECF No. 1 at 2.  Plaintiff claims that when his hernia had grown much larger, he reported to medical staff that it was extremely painful and prevented him from functioning in a normal manner.  *Id.*  He states that he "requested surgery many times" but it was not performed until eight months after the hernia had grown to the size of a grapefruit.  *Id.*  When surgery was performed, Plaintiff states that the hernia had to be incised to put his "intestines properly inside" and that the surgeon noted the presence of necrotic tissue.  *Id.* Plaintiff states that he considers the delay in performing the surgery "cruel and unusual punishment" given that his condition was nearly fatal.  *Id.*

### B.      Defendants' Response

Defendants assert that the complaint is bereft of any allegations against the individually named medical care providers, does not describe how any of them were involved in Plaintiff's care, and does not state a theory of liability against Wexford Health Sources, Inc. that is cognizable in § 1983 litigation. ECF No. 18.  In the alternative, Defendants submit verified medical records in support of their motion which they allege amount to evidence that Plaintiff received constitutionally adequate care.

### C.      Plaintiff's Pending Motions

In his renewed Motion for Appointment of Counsel, Plaintiff states that he is unable to afford counsel, that the issues involved in this case are too complex, he has no access to a legal

library, he has been unable to secure counsel on his own, and that he needs assistance in opposing Defendants' Motion to Dismiss or for Summary Judgment.  ECF No. 14 at 1.

In his Motion to Reconsider his request for appointment of counsel, Plaintiff adds that he requires discovery to oppose the pending dispositive motion.  ECF No. 15.  He explains that even though "the State of Maryland was not listed as a Defendant" there are items in the State's custody that Plaintiff requires for purposes of opposing the pending dispositive motion.  *Id.* at 1-2.  He lists various documents such as the daily record log kept by the tier officers where he was housed "during the period of July through December, 2018" at MCTC and asks to "locate and contact Officer Alley" who was a correctional officer at MCTC that "specifically informed Plaintiff of specific notations that he had personally made in the . . . Daily Log Record" regarding Plaintiff's need for medical attention.  *Id.*  Additionally, he seeks copies of complaints and disciplinary actions against all of the named Defendants and against the "Medical Department" at MCTC, including "Administrative Remedy Procedures and Inmate Grievance Office Complaints . . . as well as any other legal actions taken against Wexford."  *Id.* at 2.  Plaintiff also seeks records showing all of the medical passes issued to him while at MCTC.  *Id.*  In a second Motion to Reconsider his request for appointment of counsel, Plaintiff reiterates his assertion that discovery is necessary in order for him to oppose Defendants' motion and lists the same items he believes are necessary to oppose summary judgment.  ECF No. 20.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances."  *See Miller v. Simmons*, 814 F.2d

962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). Exceptional circumstances include a litigant who "is barely able to read or write," *Whisenant* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008). Plaintiff has not satisfied the exceptional circumstances required to warrant appointment of counsel, nor has he demonstrated the need for discovery in this case.

Plaintiff's assertion that discovery is required for the purpose of opposing Defendants' pending motion is misplaced. There has been no Scheduling Order issued in this case setting forth deadlines for discovery. *See* Local Rule 803.1 (D. Md. 2014). Absent a Scheduling Order, the parties are not ordinarily entitled to engage in discovery. In the context of a Motion to Dismiss, this court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). This court may not convert a motion to dismiss to one for summary judgment *sua sponte* unless it gives notice to the parties that it will do so. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see*

*also Fisher v. Md. Dept. of Pub. Safety & Corr. Servs.*, Civ. No. JFM-10-0206, 2010 WL 2732334, at *3, 2010 U.S. Dist. LEXIS 68772, at *8-10 (D. Md. July 8, 2010).

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the complaint. *See Edwards v. Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). An affidavit pursuant to Fed. R. Civ. Proc. 56(d) is appropriate where a Motion for Summary Judgment has been filed and the nonmovant, Plaintiff in this instance, "shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. Proc. 56(d). Because Plaintiff's complaint fails to state a claim upon which relief may be granted, this Court will not convert Defendants' motion to one seeking summary judgment and will exclude from its consideration the materials submitted by Defendants in support of their motion. Accordingly, Plaintiff's requests for discovery will be denied.

Plaintiff has also filed a Motion for Leave of Court (ECF No. 30) seeking to file a surreply addressing Defendants' Reply (ECF No. 25) to Plaintiff's Opposition Response (ECF No. 24). Defendants oppose Plaintiff's Motion for Leave of Court. ECF No. 31. No party is entitled to file a surreply unless otherwise ordered by the Court. *See* Local Rule 105.2(a) (D. Md. 2021). A surreply is most often permitted when the moving party must respond to matters raised for the first time in a reply. *See Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D. D.C. 2001). Defendants correctly observe that their Reply did not raise any new matters warranting a Surreply. ECF No. 31. Rather, Defendants' Reply amounted to a statement that Plaintiff had failed to address any of the arguments raised in the dispositive motion. ECF No. 25. Defendants' assertions are, at their core, a restatement of the basis for their Motion to Dismiss. Accordingly, Plaintiff's Motion for Leave of Court shall be denied.

## II.   Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint[,]" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III.     Analysis

**A.     Wexford Health Source, Inc.**

The complaint contains no specific allegation against Wexford.  ECF No. 1.  To the extent that Plaintiff names Wexford as a Defendant because he intended to raise a claim that the entire medical care system in place at MCTC violates the Eighth Amendment, that claim must fail. Plaintiff cites no policy or practice implicating Wexford in a constitutional violation.  Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation.  It is well established that the doctrine of respondeat superior does not apply in § 1983 claims.  *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983).  A private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of respondeat superior.  *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *Clark v. Maryland Dep't of Public Safety and Correctional Services,* 316 Fed. Appx. 279, 282 (4th Cir. 2009).  The complaint against Wexford must be dismissed.

**B.     Remaining Defendants**

The complaint offers no description of the underlying facts that support Plaintiff's conclusion that the treatment of his hernia amounted to an Eighth Amendment violation.  Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  Once a claim has been stated adequately,

it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff has failed to provide a short and plain statement of an Eighth Amendment claim.

An Eighth Amendment claim regarding the denial or delay in medical care requires a showing that Plaintiff had a serious medical condition that Defendants treated with deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim also requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-7 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Assuming that Plaintiff had a serious medical need that required treatment, the complaint fails to describe how Defendants failed to treat Plaintiff in a timely manner or in any way caused unnecessary suffering. Plaintiff's assertion that his condition could have been fatal based on the surgeon's observation that his hernia contained necrotic tissue is not enough to demonstrate that medical care was

8

unnecessarily delayed or otherwise inappropriate.   The complaint against the remaining Defendants, including those who were not served, must therefore be dismissed.

## IV.   Conclusion

By separate Order which follows, Defendants' Motion to Dismiss or for Summary Judgment, treated as a Motion to Dismiss, is GRANTED.  Plaintiff's motions are DENIED.


_11/16/2021_
Date

GEORGE J. HAZEL
United States District Judge